Dear Mr. Doughty:
This Office is in receipt of your request for an Attorney General's Opinion on the following issue:
Whether the Elem Sewer District must have a public hearing and the approval of the Franklin Parish Police Jury in order to expand its district and acquire a privately owned sewage system that is currently outside of the boundaries of the District.
On January 2, 1990, the Franklin Parish Police Jury passed Ordinance No. 3333 which created the Elem Sewer District ("ESD").[1] It should also be noted that the ESD is directed by a Board of Directors. Additionally, the ESD is classified, for purposes of statutory interpretation, as a "Sewerage District Outside Municipalities."[2]
Given the above-stated applicable facts, the statutory provision that serves as the starting point for analysis is La.R.S. 33:3881(A). La.R.S. 33:3881(A), in relevant part (emphasis added), provides:
[P]olice juries may create sewerage districts composed of territory outside the corporate limits of municipalities. Any sewerage district so created shall continue to function in its entirety under the authority of the police jury which created it even though all or part of the district may be later incorporated within the limits of a municipality. *Page 2 
The plain language in La.R.S. 33:3881(A) affirms that the police juries maintain authority over the sewerage districts which they create. However, for the purposes of this opinion, La.R.S. 33:3881(A) does not necessarily answer the question of whether the ESD must have the approval of the Franklin Parish Police Jury to expand its district and acquire a private sewerage system.
Nonetheless, La.R.S. 33:3884 provides additional statutory guidance stating:
The police jury may repeal any ordinance creating a sewerage district, or may abolish a sewerage district in its entirety, or may change or alter its boundaries . . .
 A preliminary resolution declaring the intention of the police jury . . . to alter the boundaries shall be adopted, fixing a date for hearing. Notice of the hearing shall be given in the same manner as in the case of the formation of a sewerage district. A hearing shall be held before any order is entered which affects the existence or territorial limits of any sewerage district.
Given the language provided in La.R.S. 33:3884, this Office is of the opinion that the Franklin Parish Police Jury is the only entity that "may change or alter" any boundaries of the sewerage districts which were created by it. Therefore, the Board of Directors of ESD does not have the authority to change or expand the boundaries of its district. Further, any expansion of the boundaries of its district must be passed by a resolution of the police jury, in which, the police jury makes the public aware of its desire to expand the boundaries of the sewerage district and after the police jury holds a public hearing.
This leaves the question of whether the ESD may acquire a privately owned sewerage system which, according to the facts that you provided, is located outside of ESD's current district boundaries. La.R.S. 33:3981 provides, "The governing authority[3] of any sewerage district, [. . .] is hereby vested with full power and authority to establish, acquire, construct, improve, extend and maintain within said district a sewerage system or systems . . ." From the above quoted statute it can be gleaned that a sewerage district Board of Directors does have the authority to acquire a sewerage system or systems withintheir district. Therefore, if the private sewerage system was located within the current boundaries of ESD, then the Board of Directors of ESD could seek to acquire the private sewerage system. However, due to the fact that the private sewerage *Page 3 
system ESD seeks to acquire is currently outside of its current boundaries, the Board of Directors of ESD is without statutory authority to acquire the private sewerage system. Thus, if ESD wants to acquire a private sewerage system that is currently outside of the district's boundaries, then the Franklin Parish Police Jury would first have to expand the boundaries of the ESD in accordance with 33:3884. Only then would the Board of Directors for ESD have the statutory authority to acquire the private sewerage system.
In conclusion, under La.R.S. 33:3884 only a police jury that creates a sewerage district has the authority to expand or change the boundaries of that sewerage district. Additionally, pursuant to La.R.S. 33:3981, the Board of Directors of a sewerage district is statutorily authorized to establish, acquire, construct, improve, extend and maintain a sewerage system or systems but only within the current boundaries of their district. If the Board of Directors of a sewerage district wishes to acquire an asset outside of the boundaries of their current district, then the Board of Directors would be required to seek approval for expansion of their district from the police jury which created the sewerage district, subject to the procedures outlines in La.R.S. 33:3884, which require a preliminary resolution and a public hearing.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
By:__________________________
JACKSON D. LOGAN, III
Assistant Attorney General
JDC/JDLIII/ard
[1] See Franklin Parish Police Jury, La., Ordin. 3333 (January 2, 1990).
[2] See La.R.S. Title 33 Chapter 9, which distinguishes sewerage districts between "Districts Outside of Municipalities" and "Municipalities Generally". Whether a sewer district is one within the jurisdiction of a municipality is a determining factor in statutory application.
[3] Note that the term "governing authority" is defined in La.R.S. 33:3890 which states, "the board of supervisors of any sewerage district heretofore created shall meet and reorganize in accordance with the provisions of this Sub-part, and such board shall thereafter be the governing authority of such district." While the Board of Directors of ESD is the "governing authority" of ESD, La.R.S. 33:3981 only provides the Board of Directors with certain powers to act within the boundaries of their district.